IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Rosa C. Hall, | ) | C/A No. 1:11-1425-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Savannah River Nuclear Solutions; | ) | |
| Lestine Bush, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Rosa C. Hall ("Hall"), who is self-represented, filed this employment case against the defendants, Savannah River Nuclear Solutions ("SRNS"), her former employer; and Lestine Bush, one of her supervisors. Hall alleges wrongful termination and discrimination. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment. (ECF No. 43.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Hall of the summary judgment and dismissal procedures and the possible consequences if she failed to respond adequately to the defendants' motion. (ECF No. 46.) Hall filed a response in opposition to the defendants' motion (ECF No. 56) and the defendants replied (ECF No. 58). Having reviewed the parties' submissions and the applicable law, the court finds that the defendants' motion should be granted.

## BACKGROUND

The following facts are either undisputed or are viewed in the light most favorable to Hall, to the extent they find support in the record. Defendant SRNS operates the Savannah River Site

PJG

pursuant to a contract with the United States Department of Energy.  Hall began working for Defendant SRNS's predecessor in 1984.  From 1996 until her termination in 2010, she served as a Production Operator in the H-Canyon, where disposition of used nuclear fuel occurs.  Workers in the H-Canyon must have a security clearance or be escorted by someone who does.

On March 15, 2010, Hall was escorting construction workers in the H-Canyon and left them unattended.  According to Hall, she asked a co-worker, Robert Hall, who is apparently no relation to the plaintiff, to remain with the construction workers while she took a short break.  Robert Hall denies that the plaintiff asked him to remain with the workers during her absence but he ultimately did so after realizing they were unattended.

The next day one of Hall's supervisors, Neil McIntosh, chastised Hall for leaving the workers unattended.  Hall assumed that Robert Hall had reported the incident and confronted him, asking who "told on her."  A few days later, Robert Hall entered a hallway where Lestine Bush, another of Hall's supervisors, was discussing the incident with the plaintiff.  Robert Hall and the plaintiff then engaged in a verbal exchange during which Robert Hall allegedly "pointed his finger" in the plaintiff's face and the plaintiff ultimately raised her hand in a manner that caused Robert Hall and Lestine Bush to believe that the plaintiff was going to strike Robert Hall.  Robert Hall walked away and Bush restrained the plaintiff as the plaintiff continued to yell at Robert Hall.  Robert Hall reported the incident.  Hall was then escorted from the premises and her security badge was confiscated.  Following an investigation, a Discipline Review Panel hearing, and management's review of the panel's findings, Hall's employment was terminated on March 30, 2010 for engaging in an act of workplace violence.

**DISCUSSION**

**A.    Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* [dispute] of *material fact*."  Ballinger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (emphasis in original) (internal quotation marks & citation omitted).  A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  Id. at 257.

In discrimination cases, a party is entitled to summary judgment if no reasonable jury could rule in the non-moving party's favor.  Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 645 (4th Cir. 2002).  The court cannot make credibility determinations or weigh the evidence, but the court should examine uncontradicted and unimpeached evidence offered by the moving party.  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).  The court must determine whether a party's offered evidence is legally sufficient to support a finding of discrimination and look at the strength of a party's case on its own terms.  See id. at 148 (stating that "[c]ertainly there

will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational fact-finder could conclude that the action was discriminatory"). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Burden Shifting Framework in Employment Cases**

A plaintiff may demonstrate discrimination through direct or circumstantial evidence. When direct evidence is lacking, a plaintiff may produce circumstantial evidence and proceed under the McDonnell Douglas burden shifting framework. Warch v. Ohio Casualty Ins. Co., 435 F.3d 510, 520 (4th Cir. 2006); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Pursuant to this framework, once the plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the defendant to produce evidence of a legitimate, nondiscriminatory reason for the adverse action. Merritt v. Old Dominion Freight, 601 F.3d 289, 294 (4th Cir. 2010). The defendant's burden "is a burden of production, not persuasion." Reeves, 530 U.S. at 142. Once a defendant meets this burden by producing affidavits or testimony demonstrating a legitimate, nondiscriminatory reason, "the McDonnell Douglas frame work—with its presumptions and burdens—disappear[s], and the sole remaining issue [is] discrimination *vel non*." Id. (internal quotation marks & citations omitted).

In other words, if the defendant meets the burden to demonstrate a legitimate, nondiscriminatory reason, the plaintiff must demonstrate by a preponderance of the evidence that the proffered reason was " 'not its true reason[], but [was] a pretext for discrimination.' " Merritt, 601 F.3d at 294 (quoting Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981)). Accordingly, the plaintiff's burden of demonstrating pretext " 'merges with the ultimate burden of persuading the court that [the plaintiff] has been the victim of intentional discrimination.' " Merritt, 601 F.3d at 294 (quoting Burdine, 450 U.S. at 256) (alterations in original); see also Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 319 (4th Cir. 2005). To meet this "merged" burden, the employee may prove by a preponderance of the evidence that the decision maker's affidavit is untrue or that the employer's proffered explanation is unworthy of credence. Burdine, 450 U.S. at 256.

"[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, *may* permit the trier of fact to conclude that the employer unlawfully discriminated." Reeves, 530 U.S. at 148. However, "if the record conclusively reveal[s] some other, nondiscriminatory reason for the employer's decision, or if the plaintiff create[s] only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred," summary judgment is appropriate. Id. Accordingly, the court must evaluate "the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered on a motion for judgment as a matter of law." Id. at 148-49. "Notwithstanding the intricacies of proof schemes, the core of every

[discrimination] case remains the same, necessitating resolution of the ultimate question of . . . whether the plaintiff was the victim of intentional discrimination." Merritt, 601 F.3d at 294-95.

## C.     Hall's Claims

The defendants correctly point out that Hall's state law claim for wrongful termination based on a violation of state public policy fails as a matter of law because she has a statutory remedial scheme through which she may pursue her claim. See Barron v. Labor Finders of South Carolina, 713 S.E.2d 634 (2011); see also Lawson v. S.C. Dep't of Corr., 532 S.E.2d 259, 261 (S.C. 2000) (stating that where a statute creates a substantive right and provides a remedy for infringement of that right, the plaintiff is limited to that statutory remedy).

Moreover, any claim based on an alleged violation of federal anti-discrimination statutes fails. To obtain relief for alleged race or gender discrimination under Title VII or for age discrimination under the Age Discrimination in Employment Act ("ADEA") based on an alleged discriminatory discharge, a plaintiff must demonstrate as an element of her *prima facie* case that she was performing at a level that met the employer's legitimate expectations at the time of the adverse action. See Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 285 (4th Cir. 2004) (discussing the *prima facie* case under Title VII and the ADEA); see also O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 310-12 (1996) (discussing the *prima facie* case under the ADEA). Moreover, because Defendant SRNS has proffered a legitimate, nondiscriminatory reason for Hall's discharge, Hall must forecast sufficient evidence, even assuming she meets the *prima facie* test, from which a reasonable jury could find that this reason was pretextual. Because the defendant's proffered reason for Hall's termination is that she was not meeting expectations, the evidence as to these issues overlaps; therefore, the court addresses this *prima facie* issue and the pretext prong of

the McDonnell Douglas framework together. See Warch, 435 F.3d at 516 (noting the flexibility of the McDonnell Douglas framework and finding "no impermeable barrier that prevents the employer's use of such evidence [of an employee's performance] at different stages of the McDonnell Douglas framework").

In response to the defendants' well-supported motion regarding the reason for Hall's termination, Hall appears to abandon any claim of discrimination based on race or gender and addresses only her age discrimination claim. Her argument essentially focuses on the weight of the evidence regarding the incident with Robert Hall; for example, she explains that two employees witnessed the accident and said she was violent, whereas two other employees stated that she was not violent and "that Mr. Hall was more violent." (Pl.'s Mem. Opp'n Summ. J. at 4, ECF No. 56 at 4.) She suggests that Lestine Bush,[1] with whom she had had a personal disagreement in the past and who had inquired of the plaintiff about when she was planning to retire, lied about the incident to management so that the plaintiff would be fired. Hall then states, "Management believed her and terminated my employment based on her version of events." (Id.)

Even accepting all of this as true, Hall's age discrimination claim fails. Hall appears to agree in her deposition that Bush did not make the decision to terminate her; rather, Hall's position is that Bush was motivated to lie about the incident to get her fired. However, the law is clear in such cases that without evidence that the decision maker does not believe that the stated reason for termination is true, a plaintiff cannot show pretext. See Holland v. Washington Homes, Inc., 487 F.3d 208, 217-18 (4th Cir. 2007) (concluding that no reasonable juror could conclude that the decision maker's

---

[1] Defendant Bush is entitled to summary judgment on Hall's claims for the additional reason that individuals cannot be held liable under Title VII and the ADEA. See Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998).



reason was pretextual where the plaintiff's evidence "failed to address whether [the decision maker] did not honestly believe that the threats were made" and noting that " '[i]t is the perception of the decisionmaker which is relevant.' ") (quoting Tinsley v. First Union Nat'l Bank, 155 F.3d 435 (4th Cir. 1998)); DeJarnette v. Corning, Inc., 133 F.3d 293, 299 (4th Cir. 1998) ("[T]his Court does not sit as a kind of super-personnel department weighing the prudence of employment decisions made by firms charged with employment discrimination.") (internal quotation marks and citations omitted).  Hall has presented no evidence from which a reasonable jury could find that Defendant SRNS did not believe after its investigation that she had engaged in workplace violence toward Robert Hall and that but for her age, she would not have been fired.  See Merritt, 601 F.3d at 294 (stating that the plaintiff must demonstrate by a preponderance of the evidence that the proffered reason was " 'not its true reason[ ], but [was] a pretext for discrimination' ") (quoting Burdine, 450 U.S. at 253); see also Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 176 (2009) ("To establish a disparate-treatment claim under the plain language of the ADEA . . . a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision.").  Rather, she acknowledges that "management believed" the witnesses who stated that she engaged in workplace violence toward Robert Hall.  Her claim of discrimination therefore fails as a matter of law.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendants' motion for summary judgment (ECF No. 43) be granted.

November 19, 2012                                  Paige J. Gossett
Columbia, South Carolina                           UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

Page 8 of  9

**Notice of Right to File Objections to Report and Recommendation**

  The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

  Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

  **Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).